NO. 07-12-0314-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 3, 2013

_____


BENJAMIN LARA RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6328; HONORABLE STEVEN EMMERT, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**


In 2004, Appellant, Benjamin Lara Ramirez, was placed on deferred adjudication community supervision for ten years for the offense of possession of marihuana in an amount of 2,000 pounds or less but more than fifty.[1]  On June 27, 2012, the trial court held a hearing on the State's *Motion to Proceed with an Adjudication of Guilt.*  Appellant

---

[1]Tex. Health & Safety Code Ann. § 481.121(b)(5) (West 2010).

entered pleas of true to the allegations in the State's motion.[2]  After the trial court heard

testimony in support of the State's allegations, it found Appellant violated the terms and

conditions of his community supervision, adjudicated him guilty of the charged offense

and sentenced him to ten years confinement and a $10,000 fine.  In presenting this

appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We grant

counsel=s motion and as modified, affirm the judgment.

In support of his motion to withdraw, counsel certifies he has conducted a

conscientious examination of the record and, in his opinion, the record reflects no

potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738,

744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406

(Tex.Crim.App. 2008).   Counsel candidly discusses why, under the controlling

authorities, the appeal is frivolous.   *See High v. State*, 573 S.W.2d 807, 813

(Tex.Crim.App. 1978).   Counsel has demonstrated that he has complied with the

requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to

Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so,

and (3) informing him of his right to file a *pro se* petition for discretionary review.  *In re*

*Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to

---

[2]The summary portion of the *Judgment Adjudicating Guilt* incorrectly reflects that Appellant entered a plea of "NOT TRUE."

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court=s Certification of Defendant=s Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with

exercise his right to file a response to counsel=s brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. By letter, the State notified this Court it would not be filing a brief.

By the *Anders* brief, counsel does discuss one potential issue. He asserts the five year and three month delay between the filing of the State's motion to proceed and commencement of the adjudication hearing constitutes an undue delay if Appellant was prejudiced, thereby implicating Appellant's right to a speedy revocation hearing. However, after an analysis of the *Barker v. Wingo* factors,[5] including Appellant's bond forfeiture for failure to appear, his failure to assert a right to a speedy trial until two weeks prior to his adjudication hearing, his failure to offer any evidence of prejudice, and the fact that the adjudication hearing was conducted within the term of his community supervision, counsel concludes Appellant was not prejudiced and that his right to a speedy revocation hearing was not violated.

We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (WEST SUPP. 2012). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);

---

notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

[5] *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

3

*Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court=s revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel=s brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

### REFORMATION OF JUDGMENT

In reviewing the record, it has come to this Court's attention that the trial court's *Judgment Adjudicating Guilt* contained in the clerk's record includes a clerical error. The summary portion of the judgment reflects that Appellant entered a plea of "NOT

4

TRUE" to the allegations in the motion to proceed while the reporter's record reveals that Appellant in fact entered pleas of true to all allegations.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the trial court's *Judgment Adjudicating Guilt* to reflect a plea of "TRUE" under the summary portion of the judgment entitled Plea to Motion to Adjudicate.

Accordingly, counsel's motion to withdraw is granted and as modified, the trial court=s judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5